**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SHABBIR HOSSAIN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-0255-RWS |
| ALBERTO GONZALES, : | |
| Attorney General of the United : | |
| States, et al, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendants' Motion to Dismiss [9] and Plaintiff's Motion for Summary Judgment [11]. The Court has reviewed the entire record and now enters the following Order.

**Background**

This is an action for mandamus relief. Plaintiff Shabbir Hossain, a Bangladeshi national, initially came to the United States on December 28, 1998, as an F-1 nonimmigrant student in order to attend college. Plaintiff married a United States citizen on October 12, 2001. Several months later, on March 23,

2002, Plaintiff filed a Form I-485 Application to Adjust Status to become a permanent United States resident. Plaintiff's application has not been adjudicated by the United States Attorney General or his designee.

On January 30, 2007, almost five years after Plaintiff filed his application to adjust status, Plaintiff initiated this action seeking to compel Defendants to adjudicate that application. In lieu of filing an answer, Defendants moved to dismiss this action, contending that this Court is without subject matter jurisdiction to entertain Plaintiff's claim and that Plaintiff has failed to state a claim for mandamus relief. Plaintiff has also moved for summary judgment. The Court now takes up these Motions.

## Discussion

**I.    Motion to Dismiss Standard**

When considering a motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Thus, a complaint may not be dismissed "'unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

## II.     Defendants' Motion to Dismiss

Defendants move to dismiss this action, arguing that this Court lacks subject matter jurisdiction to order the Attorney General to act upon Plaintiff's applications to adjust status.  Defendants argue that Sections 242 and 245 of the Immigration and Nationality Act ("INA"), see 8 U.S.C. §§ 1252(a), 1252(a)(2)(B)(ii), and Section 5 of the Administrative Procedure Act ("APA"), see 5 U.S.C. § 701(a)(2), preclude a district court from issuing mandamus relief because the determination of when to act upon an application for adjustment of status is within the exclusive discretion of the Attorney General.  Defendants also argue that Plaintiff has failed to state a claim under Rule 12(b)(6) because he has not demonstrated "clear and indisputable" entitlement to mandamus relief.  For the reasons provided below, the Court denies Defendants' Motion.

In Belegradek v. Gonzales, __ F. Supp. 2d __, No. 1:07-CV-0589-RWS, 2007 WL 3091078 (Oct. 18, 2007), this Court concluded that district courts

3

have subject matter jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act to consider a mandamus action alleging unreasonable delay in the processing of an application for adjustment of status, notwithstanding the jurisdiction-stripping provisions of Sections 242 and 245 of the INS and Section 5 of the APA.  Belegradek, 2007 WL 3091078, at *3.  Finding persuasive those cases that have held that the Attorney General has a non-discretionary duty to adjudicate an application for adjustment of status within a reasonable time, this Court explained:

> This Court agrees that the Section 245 of the INA imposes a non-discretionary duty on the Attorney General to adjudicate an application for adjustment of status.  E.g., [Singh v. Still, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2006)].  Because that statute does not contain a specific time requirement, the APA, 5 U.S.C. § 555(b), requires that the Attorney General act upon an application of adjustment of status within a "reasonable time" and "[w]ith due regard for the convenience and necessity of the parties."  Id.; Singh, 470 F. Supp. 2d at 1067.
>
> The Court also agrees with the majority of courts addressing the issue that it is vested with jurisdiction under 28 U.S.C. § 1331 and the APA to entertain an action alleging excessive delay in the processing of an application for adjustment of status, notwithstanding the jurisdiction-stripping provision of the INA.  Section 242 precludes review of discretionary decisions of the Attorney General "in *only* the specific circumstances where the [authority for a] 'decision or action of the Attorney General . . . is *specified under this subchapter* to be in the discretion of the Attorney General . . . . ' "  [Zafar v. U.S. Attorney General, 461 F.3d

4

>  1357, 1361-62 (11th Cir. 2006] (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)) (emphasis in original). Thus, to avoid judicial review, the Attorney General must rely on an explicit, "Congressionally-defined, discretionary *statutory* power . . . articulated within sections 1151 through 1378" of Title 8—and not an administrative or other implied discretionary power. Id. (holding that federal court had jurisdiction to review IJ's decision denying motion to continue removal decision because authority to grant continuance was not specified in relevant subchapter of United States Code, but rather stemmed from federal regulations).
>
>  Here, Defendants have not pointed to any authority specified in 8 U.S.C. §§ 1151-1378 which grants the Attorney General discretion to refuse to process or unreasonably delay the processing of an application to adjust status. See Singh, 470 F. Supp. 2d at 1067 ("[T]here is a difference between the INS's discretion over *how* to resolve an application and the INS's discretion over *whether* it resolves an application.") (emphasis in original). Because inaction on a motion for application of adjustment of status is not a statutorily-prescribed discretionary act, as enumerated in § 1252(a)(2)(B)(ii), the Court has jurisdiction to review it. [Duan v. Zamberry, No. 06-1351, 2007 WL 626116, at *2 (W.D. Pa. Feb. 23, 2007)] ("Although the speed of processing may be 'discretionary' in the sense that it is determined by choice, and that it rests on various decisions that Defendants may be entitled to make, it is not discretionary in the manner required by the jurisdiction-stripping language of the [INA].").

Id. (footnote omitted).

After rejecting the Attorney General's argument that the Court did not have subject matter jurisdiction, the Court turned to the Attorney General's argument that the plaintiff could not, as a matter of law, demonstrate that he

5

was clearly and indisputably entitled to mandamus relief. The Court held mandamus could issue if the plaintiffs demonstrated, based on five enumerated factors,[1] that the Attorney General unreasonably delayed in adjudicating their applications to adjust status. The Court concluded that further factual development was required to consider whether a two-year delay in adjudicating the plaintiffs' applications was unreasonable under the APA. Id. at *4.

In this case, Defendants raise precisely the same arguments that this Court rejected in Belegradek as a basis for dismissing an action for mandamus relief premised on unreasonable delay in the adjudication of an application to adjust status. For the same reasons provided in Belegradek, the Court concludes that it has subject matter jurisdiction over the instant action and Plaintiff's has stated a claim. Indeed, in this case, the delay in processing Plaintiff's complaint is substantially longer than the two-year delay complained of in Belegradek. Accordingly, Defendants' Motion to Dismiss is **DENIED**.

---

[1] Those factors include: (1) the source of the delay, (2) the complexity of the investigation, (3) whether any party participated in delaying the proceeding, (4) the nature and extent of the interests prejudiced by the delay, and (5) whether expediting action on agency activities will have an adverse affect on higher or competing priorities. Belegradek, 2007 WL 3091078, at *4.

AO 72A
(Rev.8/82)

### III. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment, essentially positing that the delay of now over five-and-a-half years in adjudicating his application to adjust status is unreasonable as a matter of law. The passage of time alone does not demonstrate unreasonableness. See Belegradek, 2007 WL 3091078, at *4. Rather, the Court considers several factors, including: (1) the source of the delay, (2) the complexity of the investigation, (3) whether any party participated in delaying the proceeding, (4) the nature and extent of the interests prejudiced by the delay, and (5) whether expediting action on agency activities will have an adverse affect on higher or competing priorities. Id.

Defendant's Response to the Motion for Summary Judgment simply restates the position asserted in the Motion to Dismiss that this Court lacks jurisdiction to grant Plaintiff the relief he seeks. At the present stage of this litigation, no evidence has yet been presented concerning the reasons for the five-year delay of the processing of Plaintiff's application or the prejudice suffered by either party as a result of that delay. In the absence of evidence on the aforestated factors, the Court cannot presently determine as a matter of law whether Plaintiff is entitled to mandamus relief. Accordingly, insofar as

7

Plaintiff moves for summary judgment, his Motion is **DENIED** with permission to refile.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [9] is **DENIED**. Plaintiff's Motion for Summary Judgment [11] is **DENIED** with permission to refile.

**SO ORDERED** this  14th  day of November, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)